KELLY G. WATSON
Nevada Bar No.: 000893
The Law Offices of SKINNER, WATSON & ROUNDS
A Professional Corporation
800 Southwood Blvd., Suite 207
P.O. Box 3150
Incline Village, NV 89450
Telephone: (775) 833-1700
Facsimile: (775) 833-1701
Attorneys for Defendants
   NATIONWIDE MUTUAL FIRE
   INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID ROBBINS,<br><br>              Plaintiffs,<br><br>vs.<br><br>NATIONWIDE MUTUAL FIRE INSURANCE COMPANY; DOES I through X, inclusive; DOE CORPORATIONS I through X, inclusive; and DOE organizations I through X, inclusive,<br><br>              Defendants,<br>_____/ | CV-S-01-1136-RLH-PAL<br><br><br>**NOTICE OF REMOVAL** |

TO:   CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Nationwide Mutual Fire Insurance Company, by and through their counsel, Kelly G. Watson of the Law Offices of SKINNER, WATSON & ROUNDS, hereby removes the State Court action described below to the United States District Court for the District of Nevada.

    1.    On August 28, 2001, Plaintiff, David Robbins, commenced an action in the

Eighth Judicial District Court of the State of Nevada, in and for Clark County, Nevada, styled: *David Robbins v. Nationwide Mutual Fire Insurance Company; DOES I through X, inclusive, DOE CORPORATIONS I through X, inclusive; and DOE ORGANIZATIONS I through X, inclusive*, Case No. A439177, pending in Department XIII therein, a true and correct copy is attached hereto as Exhibit 1.

2. The first day that any of the moving Defendants received a copy of the Complaint was on September 6, 2001, when service was effected on this moving defendant. This notice is filed within thirty (30) days of the date any of the moving Defendants first received a copy of the Complaint.

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) and (b) in that it asserts claims by Plaintiff who is a citizen of the State of Nevada and Defendant who's principal place of business and state of corporation is Sacramento, California. *See also* Complaint attached as Exhibit 1, ¶ II. Additionally, being a claim for bad faith as against an insurance company and seeking punitive damages, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

4. This Court is the proper venue for the removal of this action based upon the allegations in Plaintiff's Complaint and 28 U.S.C. § 1332.

5. The moving Defendants are not aware of any other Defendants which have been served by Plaintiff in this case.

6. Attached as Exhibit 2 to this notice of removal is a true and correct copy of the Answer file to the Complaint which constituted all pleadings and papers in the possession of

///

1  moving Defendants.

3  DATED this 25th day of September, 2001.

The Law Offices of
SKINNER, WATSON & ROUNDS
A Professional Corporation

KELLY G. WATSON
Nevada State Bar No. 000893
800 Southwood Boulevard, Suite 207
Post Office Box 3150
Incline Village, NV 89450
Telephone: (775) 833-1700
Facsimile: (775) 833-1701

Attorney for Defendant Nationwide Mutual Fire Insurance Company

# EXHIBIT 1

1  **COMP**
   RICHARD W. MYERS, ESQ.
2  Nevada Bar #000121
   CROCKETT & MYERS
3  700 South Third Street
   Las Vegas, Nevada 89101
4  (702) 382-6711
   Attorneys for Plaintiff

AUG 28   9 28 AM '01

## DISTRICT COURT

## CLARK COUNTY, NEVADA

DAVID ROBBINS,
    Plaintiff,
vs.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY; DOES I
through X, inclusive; DOE
CORPORATIONS I through X, inclusive;
and DOE ORGANIZATIONS I through X,
inclusive,
    Defendants.

Case No.: A 439177
Dept. No.: XIII

### COMPLAINT

COMES NOW, Plaintiff JOSEPH SCHMITT by and through his attorneys, the law firm of CROCKETT & MYERS, and complains and alleges as follows:

### FIRST CAUSE OF ACTION

1. At all times mentioned herein, Plaintiff JOSEPH SCHMITT was and is a resident of the County of Clark, State of Nevada.

2. At all times mentioned herein, Defendant NATIONWIDE MUTUAL FIRE INSURANCE COMPANY (hereinafter referred to as "NATIONWIDE") was and is a corporation duly licensed to contract insurance business in the State of Nevada.

- 1 -

1   3.   On June 14, 2000, at approximately 2:30 p.m., a collision occurred between
2   Plaintiff's motorcycle and a vehicle driven by Miriam Sorrosa on a roadway commonly known as
3   U. S. 95 in the County of Clark, State of Nevada. The collision was a direct result of the careless
4   and negligent act of Miriam Sorrosa. As a result of Ms. Sorrosa's careless and negligent act,
5   Plaintiff sustained serious personal injury.

6   4.   The insurance company for Ms. Sorrosa has acknowledged liability on the part of
7   their insured and has paid to Plaintiff the policy limits of $14,750 for reason of the injuries sustained
8   by Plaintiff. (Three persons made a claim against a $15,000/$30,000 liability policy and the entire
9   $30,000 limits were paid).

10   5.   At the time of the collision with Ms. Sorrosa, Plaintiff DAVID ROBBINS was an
11   insured with Defendant NATIONWIDE under a policy of automobile insurance which afforded,
12   among other coverages, underinsured motorist protection with policy limits of $100,000. By virtue
13   of this relationship between the Defendant, as insurer, and Plaintiff, as insured, the Defendants owed
14   a duty of good faith to Plaintiff DAVID ROBBINS in considering and paying underinsured motorist
15   claims made by the Plaintiff. Further, the Defendants, as insurer, owed to the Plaintiff, a duty to
16   fairly and promptly investigate and pay all reasonable claims made under said coverages of
17   uninsured/underinsured motorist protection.

18   6.   The collision proximately caused Plaintiff DAVID ROBBINS to sustain serious and
19   disabling injuries, some and/or all of which are permanent in nature.

20   7.   As a direct and proximate result of the foregoing, Plaintiff DAVID ROBBINS has
21   been and will in the future be caused to suffer serious and disabling injuries in and about the head,
22   neck, body and limbs, both physical and mental in nature, and have suffered great pain of body and
23   mind and loss of enjoyment of life, all to said Plaintiff's damage in an amount in excess of TEN
24   THOUSAND DOLLARS ($10,000.00).

25   8.   As a further direct and proximate result of all the foregoing, Plaintiff DAVID
26   ROBBINS has been and will in the future be caused to expend sums of money for medical care and

-2-

1  expenses incidental thereto, in an amount presently in excess of TEN THOUSAND DOLLARS
2  ($10,000.00), and the total amount of which cannot at this time be determined, inasmuch as the same
3  is yet accruing.

4  9. As a further direct and proximate result of all the foregoing, Plaintiff DAVID
5  ROBBINS has been and will in the future be caused to sustain loss of income and/or impairment of
6  earning capacity, the exact amount of which cannot at this time be determined, inasmuch as the same
7  is yet accruing.

8  10. As a result of the total damages alleged herein Plaintiff has incurred and sustained
9  damages which exceed the combined policy limits paid by the liability carrier and the underinsured
10  motorist protection policy limits provided by the Defendant.

11  WHEREFORE, Plaintiff DAVID ROBBINS expressly reserving the right to amend this
12  Complaint at the time of the trial of the action herein to include all items of damage not yet
13  ascertained, demands judgment against Defendants, and each of them, as follows:

14      1. General damages in excess of TEN THOUSAND DOLLARS ($10,000.00);
15      2. Special damages in excess of TEN THOUSAND DOLLARS ($10,000.00);
16      3. Attorney's fees if and as provided by the Nevada Revised Statutes;
17      4. Costs of this action; and
18      5. For such other and further relief as the Court deems just and proper in the
19         premises.

20  DATED this 20th of August, 2001.

CROCKETT & MYERS

RICHARD W. MYERS, ESQ.
Nevada Bar #00012?
700 South Third Street
Las Vegas, Nevada 89101
Attorney for Plaintiff

- 3 -

# EXHIBIT 2

1  ANS
KELLY G. WATSON
2  Nevada Bar No.: 000893
The Law Offices of SKINNER, WATSON & ROUNDS
3  A Professional Corporation
4  800 Southwood Blvd., Suite 207
P.O. Box 3150
5  Incline Village, NV 89450
6  Telephone: (775) 833-1700
Facsimile: (775) 833-1701
7  Attorneys for Defendants
   NATIONWIDE MUTUAL FIRE
8  INSURANCE COMPANY

## DISTRICT COURT

## CLARK COUNTY, NEVADA

DAVID ROBBINS,

Plaintiffs,

vs.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY; DOES I
through X, inclusive; DOE
CORPORATIONS I through X, inclusive;
and DOE organizations I through X,
inclusive,

Defendants,

CASE NO.: A439177
DEPT. NO.: XIII

**ANSWER**

COMES NOW, Defendants, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, by and through their counsel of record, Kelly G. Watson, of the Law Offices of SKINNER, WATSON & ROUNDS, and answers Plaintiff's Complaint on file herein as follows:

## FIRST CAUSE OF ACTION

1. Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 1 of the Complaint and therefore deny same.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and therefore deny same.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore deny same.

5. Defendants admit the allegations contained in paragraph 5 of the First Amended Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and therefore deny same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and therefore deny same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and therefore deny same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and therefore deny same.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and therefore deny same.

### *FIRST AFFIRMATIVE DEFENSE*

That the defendant, Nationwide Mutual Fire Insurance Company, has, at all times material hereto, acted in good faith and exercised fair dealings in evaluating the plaintiff's claim, if any.

ANSWER ~2

## SECOND AFFIRMATIVE DEFENSE

That the plaintiff failed to provide adequate and sufficient information upon which plaintiff's claim, if any, could be evaluated.

## THIRD AFFIRMATIVE DEFENSE

That defendant stands ready willing and able to pay all fair and reasonable claims, but plaintiff has failed to provide sufficient information for defendant to complete its investigation.

## FOURTH AFFIRMATIVE DEFENSE

That defendant owes a duty to all of its insureds to perform investigations into all claims to insure the fair operation of its claims department and to insure that money is protected for those claimants with valid, reasonable claims.

## FIFTH AFFIRMATIVE DEFENSE

That plaintiff is obligated by the terms of the contract of insurance to submit this matter to arbitration.

WHEREFORE defendant prays that plaintiff take nothing by was of his Complaint and that defendant be awarded costs of suit and attorney's fees incurred herein.

DATED this 24 day of September, 2001.

The Law Offices of
SKINNER, WATSON & ROUNDS
A Professional Corporation

KELLY G. WATSON
Nevada State Bar No. 000893
800 Southwood Boulevard, Suite 207
Post Office Box 3150
Incline Village, NV 89450
Telephone: (775) 833-1700
Facsimile: (775) 833-1701

Attorney for Defendant Nationwide Mutual Fire Insurance Company

ANSWER ~3

## CERTIFICATE OF MAILING

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the Law Offices of SKINNER, WATSON & ROUNDS, a Professional Corporation, and that on this date I deposited for mailing, postage prepaid, at Incline Village, Nevada, a true copy of:

**ANSWER**

addressed as follows:

Richard W. Myers, Esq.
Crockett & Myers
700 South Third Street
Las Vegas, Nevada 89101

DATED: September 27, 2001

_____
An Employee of Skinner, Watson & Rounds

ANSWER –4

## CERTIFICATE OF MAILING

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the Law Offices of SKINNER, WATSON & ROUNDS, a Professional Corporation, and that on this date I deposited for mailing, postage prepaid, at Incline Village, Nevada, a true copy of:

## NOTICE OF REMOVAL

addressed as follows:

Richard W. Myers, Esq.
Crockett & Myers
700 South Third Street
Las Vegas, Nevada 89101

DATED: September 25, 2001

_____
An Employee of Skinner, Watson & Rounds